The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States in this honorable court. Thank you. Be seated. Good morning, everyone. The one argued case this morning is No. 09-1496, Fenner Investments v. Microsoft. Mr. Franklin. Thank you, Your Honor, and may it please the court. This case should not have been resolved on summary judgment in light of errors of the claim construction and evidence from which a reasonable jury could find infringement under a proper claim construction. How could a reasonable jury find infringement of the Pulse Width Limitation? Well, our first proposition, Your Honor, is that even under the trial court's construction of that limitation, a reasonable jury could find infringement because there are, in the accused devices, single pulse widths that represent and uniquely represent individual joystick positions. But it's not the width of the pulse that represents the position. In the accused devices, those pulses are just bits in a binary word. Well, they are pulses, Your Honor, and it's undisputed that they're pulses. And the claim construction says that the pulse width is assessed in terms of time or distance, and these devices assess the pulse width in terms of time, how many clock cycles, and they do that, Your Honor, by assessing where the pulse width begins and where it ends in clock cycles. And that is information about the pulse width that is then transmitted on. But it's just one bit of a binary word, right? Well, it can be one, but it can be also multiple bits. Pulses are different bits within that word. Yes, the construction that the district court put on that term says that a pulse width assessed in time or distance provides all the information necessary to determine the joystick position. To me, it's like if I said to you at the end of this argument, we're going to go back and we're going to decide this case, and we are going to rule that the case is R. Well, that's just one word. It could be affirm or reverse. That's one letter in a word. And unless you know the rest of the letters, you don't know what the outcome is. Isn't this the same sort of thing? No, Your Honor. It's not the same sort of thing. In this case, there are pulse widths, and that pulse width information is transmitted, and it includes where it starts and where it ends. But that is consistent with the claim construction. Let me give Your Honor an example. I mean, mine's probably imperfect as well. But suppose I had a map of the District of Columbia, and I said each rectangle's width represents a different city block. Well, that would be accurate, Your Honor, even if, as is probably true, the widths are all or mostly all the same absolute length. And the reason they do represent different city blocks is that you have to know where on the map the width is, but it still represents. The information about where that width is represents the city block. And so here, you have to know where the pulse starts, where it ends. But that's entirely consistent with the claim construction because the width. Except that we don't know anything without knowing what happens before and after. And the claim construction says everything, all has to be disclosed by the pulse itself, not what happens before or after. Right. Don't you lose. No, Your Honor. And we're referring here to those positions that are uniquely represented by single pulses. So we're not talking about situations right now where there are multiple pulses. So you're not objecting to the claim construction. But you are saying that, and you're talking only about literal infringement. You're not here debating whether there's equivalency? No and no. The reason, we are objecting to the claim construction. Right now, I'm offering how we understand that we have infringement based on the claim construction. We also do object to the claim construction on this to the extent it precludes the possibility of multiple pulses. And I can certainly address that. And we also are, in fact, raising the equivalency argument. And maybe I can briefly address that. Because don't you have to prevail on your objection to the claim construction before we can reach the question of literal infringement? Or at least the way the trial judge saw it, perhaps resolving the closed question one way or the other. The district court, as you raised these issues, I assume they were raised, kept saying, I see these as matters of claim construction. And then construed the claims in a manner which I think does make it difficult to say that they read on the opposing devices. Well, I think to answer your question directly, Your Honor, we don't believe we're challenging the claim construction. Because we think we're looking at the words of the claim construction. And he said the width of a pulse as assessed in time or distance provides all the information necessary. And we think under that construction, which was what he set forth in his amended construction order. However, to the extent the court views this issue that I was just discussing with Judge Lynn and Judge Rader about information about where the pulse begins and ends as a claim construction issue, then so be it. We will take it as a claim construction issue. But in terms of equivalency, Your Honor, we do believe that even if one were to reject this argument that I've just presented, there is still an issue for the jury on equivalency. Taking those positions that are uniquely represented by single pulses, the only difference between the patent as construed by the district court and the accused devices is that the devices include information about where the pulse starts and where it ends as part of their translation of pulse width into joystick position. We believe, based on the expert testimony under the function way result test, that a reasonable jury could find that that single difference was insignificant because the point of this patent was about interfacing the higher voltage joystick with the lower voltage processors, which these devices do, rather than any specific mechanism for translating pulse width into joystick positions. But I don't think you can really overlook the details. It's not enough to say, well, these accused devices do basically the same thing. They are an interface between a higher voltage circuit and a lower voltage circuit. The claims dig deeper and get into the more specific details. So we're still faced with, or you're still faced with the problem of wrestling with this pulse width limitation. And it seems to me it's a difficult argument to say that a system where the joystick position is represented by the width of a pulse is the same and performs the same result in the same way as a system which correlates the joystick position with a binary word consisting of multiple pulses in various configurations. It's just a different way. It's apples and oranges. Let me clarify one aspect, Your Honor. Our equivalency argument that we're presenting today on the pulse width, we're talking about those positions that are represented by only one pulse, not the multiple pulses. But even the one pulse, there are any number of different binary words that have only one pulse, that pulse being in either a different position in the word, or it could be a pulse of one width, two widths, three widths, three pulse widths, etc. It's just not the same thing as what is set forth in the claims. Well, getting to equivalency, we believe that a jury could find that it's substantially the same thing because we have, in each instance, pulse widths that uniquely represent joystick positions. The only difference is that the accused devices include, when they transmit information about the pulse width, they also include where it starts and where it ends. That's the only difference, and that's the difference that we think is insubstantial given that every other element of the claims... Mr. Franklin, am I misunderstanding that the only thing that really matters in the accused devices is the position of the signal at the clock cycle? The width is irrelevant. It's just measuring that signal, the position of it, at each clock cycle. That's what they're doing. And the width, they're not measuring width. They don't care about width. They only are measuring what happens at each clock cycle. Width is irrelevant. No, Your Honor, that's how they measure the width. And what the trial court's claim construction says is that width can be assessed... They would say they're measuring the position of the signal, not necessarily the width. Am I correct about that? In other words, they're measuring it every time the clock ticks. The width is not what they're measuring. They're measuring the position at that point. There's two issues. That's the only way you can measure width, Your Honor, is to know every device is going to have some sort of a measurement system, either in time or distance. And if it's in time, which is permitted under the claim construction, you have to know you have to have something running in terms of time, a clock or something else, that tells you where everything is. Notice that the claim construction says the width is going to tell you everything. And they're not even measuring the width. They're measuring the position at a point in time. Well, here we're back to, I think, the other issue, and that is whether the width includes information about its position within that digital word. But in terms of the clock cycle issue, Your Honor, they are, in fact, measuring width. That's just how they do it. They're measuring whether it's up at a clock cycle or down at a clock cycle. If it's up, it recognizes it as still part of the pulse. But if the frequency of the clock was changed, then you'd have a different width. You'd have a different width. But the information would be the same because they're not measuring width. You would have a different width in clock cycles, but that would still translate into a joystick. The joystick position system has to understand where the width is in any particular device. So if they change the clock cycle, it may have a different numerical number, but it would still conform to a particular joystick. So how's that width? It's width because it is the length of time that a signal is up. And the only way you can measure the length of time a signal is up is by knowing where it is in the clock cycle. That's how they do it. There's no other way for them to do it that way. They're not measuring the width of that. In time, they are. The width can be assessed. They're not measuring its position. They're measuring its time, how long it is up. That's the time, and that is the width. The judge's plain construction was right in saying that the width can be measured in either time or distance. So they're measuring the amount of time in clock cycles that it's up. And Your Honor is correct. It also includes where it is in the digital world. This much is clear. Your patent is not saying anything about measuring on a clock cycle, is it? And it's not measuring with a 10-bit indicator of what the joystick position is. It's not doing any of these other things that's done by the accused devices, right? The patent, when we would speak of the patent, we would speak of the claims of the patent. The claims of the patent simply say pulse width representing joystick position. But you can't ask or expect the claims to be interpreted more broadly or applied more broadly than what's supported in the specification. And that takes me back again to the basis, the factual basis for your position that, assuming that we agree with the district court as far as claim construction and literal infringement is concerned, why there is a possibility, a significant enough possibility of equivalency in view of the statements in the specification and the arguments that were made. Well, the specification, Your Honor, has in it a preferred embodiment. But the inventors were very clear that the preferred embodiment was just that, a preferred embodiment. When you have only one embodiment and say, this is what I prefer, that doesn't automatically mean that a lot of other ways are included. Well, it does here. The inventors included the language in the patent saying that the preferred embodiment did not limit their invention. And that's right in the patent. Yes, that's standard boilerplate, but there needs to be more than that. Well, in order for the preferred embodiment to be the definition of the claims, the inventor would need to say that. And in this case, the inventor did not say that. The inventor said the preferred embodiment was just that, a preferred embodiment. The claims as construed by the district court do read broadly. They read broadly on more than just that embodiment of the patent. And they read more broadly because, as we were just discussing, they require some sort of a representation between pulse width and joystick position. Is there any conversion from analog to digital in your invention? In the specification, you mean? Anywhere. Well, it has to be. In your patent, your claims, your specification, anywhere that you suggest that you're making a digital measurement. Yeah, I think that there... As a function of time, of the position of the signal. Well, I don't know about the latter, but... We have three things there that you miss on. Time, signal position rather than width, and analog to digital conversion. Well, there has to be a digital... There is a digital conversion here. There's a logic that the pulse is a digital pulse. So it is a zero and one digital pulse. And then that pulse has to be translated by any joystick system into digital information. So inherent in this patent is an analog to digital conversion. The question is, what do the claims require on that? The pulse is technically digital, but there's no bits, right? You mean talking about the preferred embodiment? I'm talking about your entire invention. Yes, there can be bits in the sense... Can be. Yes. Where do you show me in the patent? Anything where you mention that. Not in the specification, Your Honor, in the claim. Anywhere. Anywhere in the patent where you mention that. The patent is designed to interface with a digital... Where does it say that? Anywhere. Generating a digital pulse signal is what I was referring to. But you're, I think, talking about something different. Yeah, certainly I am. It has to translate pulse width into joystick position. Joystick position has to be digital because these are digital machines that are receiving the joystick information. They don't do it in precisely the same way, but we think the claims read broadly enough. And I think I have a little time left for rebuttal, Your Honor. Well, no, you have none. But we'll restore your rebuttal time. Okay, thank you. And we'll move to the other side. Mr. Redinger. Thank you, Your Honor, and may it please the court. With the court's indulgence, we've agreed with Microsoft's counsel that I will focus on the pulse width issue. And Microsoft's counsel will handle the rest of the issues. Did we discuss anything else? No, Your Honor, I don't believe you did. But there's always the possibility you'll choose another issue to address to us. We believe that there is a fundamental difference between the binary system, the sequence of binary bits that's used in both the Nintendo and the Microsoft systems, from the pulse width measurement system of the plaintiffs. It is a fundamental difference not just in the way that the data is arranged, but in the entire approach. I have put up on the enlargements images from page 14 of our brief. Those are images showing the Wii's signals, and there are two signals. The upper signal is the clock signal, and the lower signal is what we call the data line. These came from Fenner's expert, Mr. McAlexander. Judge Rader identified something that I believe is very important, that this is a continuous bit stream. So one needs to know not only what's happening in the 8-bit word that identifies the joystick position, but there's stuff happening before and happening after. And if you look at the left image, it shows a pulse that is already high at the time that the 8-bit word begins, because that's a pulse that's overlapping from a preceding word. And the same thing can be afterwards. So it's another reason why the pulses themselves can't be looked at in terms of width to gain any information about joystick position. As Judge Rader correctly identified, it's whether that data line is high or low at the time of the peak of the clock cycle that tells us whether we have a binary 0 or a binary 1. And then these binary 0's and 1's are looked at in sequence. So the machine gets the signal, determines at the time that the clock cycle is peaking whether we have a 1 or a 0, records that in memory, then goes on to the next one. It looks to see if it's a 1 or a 0 and continues that sequence. There is no measurement of width. And that same statement applies to the Microsoft systems as well. So we do not see a justification either for literal infringement, because there's simply no use of the width to determine infringement, or pursuant to the doctrine of equivalence, because this is so fundamentally different from what is described in the patent. Any questions for Mr. Radinger? What about the figure 9 sort of example where you have the exact same signals, the exact same 8-byte number being given by a different joystick position potentially? Well, if I know what you're referring to, Your Honor, the example that we have on the enlargement shows two different pulses that are nearly identical in width, if one were to measure the width, and of course the systems don't. But because their position in the binary word is different, they represent totally different numbers. That means they identify different joystick positions. Well, you've given us a picture which exaggerates certain differences, but I think that Mr. Franklin is proposing that in this analog-to-digital conversion, that these are straightforward equivalent methods of accomplishing that result. Well, we do not believe that that's correct, Your Honor. First of all, the doctrine of equivalence, of course, is focused on insubstantial differences. Here we have systems that are not using the width to identify joystick position. They're using the binary sequence and where that binary sequence starts and the encoding that's used within the binary sequence. So if all the bits were one up there, we'd have a single pulse that has all the information, right? And at least in that instance, you would infringe. No, Your Honor, because if all of the bits were one in one of those images up there, we would not know whether it was also one before that 8-bit word started or after that 8-bit word started. It could be 16 ones in a row. It could be 50 ones in a row. And it could be 8 ones followed by 3 ones. The position of the binary numbers is the critical thing, not whether we have 8 bits or 6 bits or 5 bits that are identical in a row. Okay, then take everything to be one. It just stays one. There's still one pulse for one position you're infringing. The width of that one pulse is determining this joystick position and has disclosed all the information needed for that position. Well, first of all, that would be one out of 255 positions. That would be one out of 255 of that. If you infringe even a little bit, don't you infringe. But in this instance, we don't use that data, Your Honor. We don't measure the width. What we determine is whether the bit level is high or low. Are you just measuring the coincidence of the level at the time of each clock pulse? That's correct, Your Honor. Not the width of the overall combined sequence one way or the other. Right. We do not identify the time that a pulse starts and then identify the time that the pulse ends and subtract the two to determine the duration. Instead, we're just looking somewhere inside that pulse to determine whether the data line is high or low. And that tells us whether we have a binary 1 or 0. We're simply not measuring the width. The claim doesn't require measuring the width. The claim says that the width represents the coordinate position. It requires to also achieve. Well, we don't believe that the width does represent the coordinate position because we gave an example. It says the width has all the information. In the hypothetical I give you, the width has all the information. No, Your Honor. It's only one of 255 possibilities. But in that one, the width has all the information. No, Your Honor. I don't believe that's correct. Because, again, if we had a pulse that was eight consecutive one bits. And then just one all the way across. Just keep it going. The one all the way across. Well, then you'd have a pulse that's... Width of that particular pulse is going to have all the information. No, Your Honor. It would not. Because you need to know where the eight-bit word begins and where that eight-bit word ends. Because we have this serial data that is being sent. And so without knowing where the... It doesn't say you have to measure the width. It just says the width has the information. And it does. No, Your Honor. I disagree with that. The width does not have the information. Because if you don't know where that pulse begins or ends, the machine simply cannot determine the joystick position. It has to have an understanding of what that sequence of information is. And again... Obviously, if it's not moving the joysticks in one position, it's staying there. And you know that. And in that one position, it infringes. The question you have to address for me, and I don't think it's hypothetical, I think it's correct. The question is, do you infringe if you infringe one out of 255 possible places? Well, the answer to that question, Your Honor, is no. I think that... Okay, address that. That would help us. That would be de minimis. But I do want to say... Well, but de minimis infringement is infringement. We've said that plenty of times. We do this in the pharmaceutical area all the time. If there's one little trace element out of a thousand-part composition, if one of them happens to infringe, that's infringement. And we... The damages would probably be zero, but we don't ever get to that point because infringement stops the composition at that point. Why wouldn't we do the same thing here? First of all, Your Honor, there is no evidence in this record that there ever is a pulse that is eight bits wide. There simply is none. And the district court was correct in its conclusion that Fenner has not presented evidence of a single pulse that would be sufficient to determine joystick position. It's just not in this record that it even happens. And there are logical reasons why that would be. There are physical stops on the joysticks. So we're talking about a hypothetical that's not part of this record. But even if that were the case, again, we are not dealing with the circumstance where the width is being measured. So we're talking about a capability that is not being used. Now, this is not an argument that was identified in the plaintiff's brief, but this court has a number of cases, high-tech medical, I think, is an example, where you have to look at what would have to be changed in a machine to use information in a way that it's not used, such that this hypothetically changed different machine might infringe. You mentioned a minute ago that there's nothing in the record that addresses whether width is ever measured. But the claim doesn't talk about measurement. As Judge Newman just said a moment ago, the claim talks about the width of the pulse represents a position. So isn't that the issue you need to address, is whether there's a circumstance where width represents a position? Well, without being used, if the machine has no capability of interpreting that information, then the answer is no. It does not represent joystick position. Because you're not measuring, you're not concerned with width. The system is concerned with the identity of the binary words as opposed to the individual width of any particular pulses within those words. Yes, Your Honor. The system is identifying the sequence of bits, the binary coding that's taking place, which means the relative positions of all those bits and where each eight-bit word starts and stops. It is simply not capable of identifying the width of a number of ones put together. But if there is a coincidence of the sequence of bits such that there is, in effect, one pulse of a given width, then doesn't that meet the terms of the claim, even if that's just one simple incident? No, Your Honor, because one, there is no record that it actually occurs, and two, that eight bits or six bits or five bits that were all together may cross the boundary between binary words. And so that information, knowing that a pulse is eight bits, eight consecutive one bits, that does not tell you the joystick position. You have to know where that pulse is in relation to the start and the stop of a binary word. So the pulse width, if it were measured, would simply not give you all of the information. It would not let the district court's construction communicate all of the information necessary to identify joystick position. Okay, let's hear from your colleague. Thank you, Your Honor. Thank you, Your Honor. Lori, thank you for Microsoft. Appreciate it. I would like to address your hypothetical, Judge Rader, in kind of two ways. First, in the Microsoft system, that will never happen, due to the NRZI encoding that the Microsoft systems use. It's completely undisputed. In NRZI encoding, the most you can have is five high bits. What NRZI does is it looks for transitions. So when there's a transition from low to high or high to low, we know it's a zero. If there's no transition, we know it's a one. As part of that scheme, you can't have more than five, what we call, high bits. So there's absolutely no situation whatsoever in the Microsoft products where you would have a hypothetical that falls within, you know, a situation that actually falls within your hypothetical. That evidence is undisputed. And if I could perhaps quibble with the hypothetical a little bit, we have to recall that the district court's construction of pulse was a single cycle of variation, and I believe your hypothetical doesn't have a single cycle of variation. It would just be all high. So there's not, you know, a cycle of variation means you go from low to high, stay, and come down. But, again, for Microsoft, that just simply never happens. And I will reiterate and echo Nintendo's counsel's comments that for the Microsoft system, we are never using PulseWidth. PulseWidth provides no information whatsoever. There's no situation where the system is looking to see, oh, I've got five highs in a row, therefore I know that portion of the 10-bit word is 0111. And it's not using width in any way. It says, is there a transition? Yes or no. Transition, yes or no. And only when we have the 10 bits is the word recovered, and it's that recovered word which is what tells the Microsoft systems where the joystick or the thumbstick is. And Fenner's expert admitted that you need the whole 10-bit word in order to do that. On the issue of equivalence, I think I will, you know, just point out the point of the all elements rule here is about as clear a case as it can be. Can I have a system that uses PulseWidth in no way whatsoever be equivalent to a system that has pulses whose width represent the coordinate joystick position without vitiating the width requirement? And so that's a legal determination that takes this completely out of the realm of whether a reasonable jury could find that these two systems are equivalent. We think the facts are overwhelming, they're undisputed, that a reasonable jury, if they were applying the claims, would not be able to find them equivalent. But the all elements rule gives this court the power very clearly to dispense with the doctoral equivalence point. Well, it's the same step. We really need to consider whether it's performed in substantially the same way. But to say otherwise that the element is missing, this is the fundamental element of the claim. And it's not missing, it's performed. The question is, is it performed in substantially the same way? I don't disagree that in this case that the evidence, there's no reasonable jury could find that the systems are equivalent. But I would go back to the claim that says a width of said pulse represents a joystick position. And in the Microsoft system, the width is not providing any information at all. So it's really that they're saying, well, the pulses themselves provide the joystick position. That is a question of fact. They think that the jury should have the opportunity to decide it. We don't think it is a question of fact. Because here, it has to be a reasonable inference that the jury can make. And the only way the jury can make that inference would be by disregarding the claim limitations and the court's construction. So the fact that they were able to find and pay an expert to ignore that limitation and say that there is infringement doesn't automatically get them to a jury. I mean, there's a gatekeeper function that the district court has to say, under these facts, if a jury were to find in the center's favor, it would not be reasonable. And so instead of sending it to the jury and then resolving it on JMAL, I think the court made the right call here and said, under these undisputed facts and applying the claim constructions that require the width to convey all the necessary information, no reasonable jury could come to that conclusion. So you're not really arguing that it's not a question of fact. You're arguing that it's a fact question, which has only one reasonable interpretation. Yeah, I think that's right, because the claim construction is a question of law. And we think the court, if you apply that correct claim construction to what we have here, completely undisputed facts, there's only one reasonable outcome. And so Rule 56 is met, and the district court made the right call. Any more questions for the second? Any more questions? Thank you. Thank you, Ms. Degden. Mr. Franklin? Thank you, Your Honor. Just a few points. Just looking at that graph, the second part of it, our position is that that pulse width, the second one, does represent joystick position. That's our position. That's our argument. And it does because it conveys all the information necessary to determine that that's a 14. Now, if one does not accept that, though, there is still an issue of equivalence. And I understood the last part of the argument to be arguing that this is somehow a fact issue that's so clear that this court has to resolve it. I don't think the all element rule applies. It's not a question, as the counsel just said, that it doesn't perform that function of that particular limitation. Mr. Franklin, that's, of course, precisely a good example because it doesn't supply all the information to make that a 14. The only reason you know it's a 14 is because in the first four clock cycles, there was a zero. If in any of those clock cycles there had been something other than a zero, it would not be a 14. And so it's clear that what is before and after the width of that particular pulse is what is essential to setting the position of the joystick. The width of that pulse does not supply all of the information. It does, Your Honor, if one understands that that width, the way it's calculated is because I can see how it's calculated, yes. It's calculated by looking where It gives us the three ones, but the three ones wouldn't get us to 14 unless we knew the other five elements of this 8-bit binary system. You need to know where the pulse starts and where it ends. That's all you need to know to know that that's a 14. Well, that's not true because you need to know also that before it starts, there are all zeros because in the depiction to the left on that chart, you have the same pulse on the right, but the binary number is not 14. It's 119. Why? Because that same 3-bit binary pulse is preceded by another 3-bit binary. Right, and that's two pulses. That would be two pulses, and I'm not arguing right now, although we do have the argument in our brief about even under two-pulse situations, we believe the claims can be construed that way. But looking at just that one pulse, that's a single pulse, and however that pulse is measured by determining where it starts and where it ends, that uniquely signifies a joystick position. But at a minimum, there's an issue of equivalence here that is not one that can be resolved by the court that is for the jury to resolve. The other point I would make, Your Honor, as Judge Rader, I don't think your hypothetical is actually hypothetical. On page 32 of our brief, we identify in the Nintendo system their circumstances where they use just 6-bits, and that is a situation in which you could have all 6-bits covered as just one pulse. Now, so that, even under that one situation, it does infringe, and we argued in our brief quite extensively that this part-time infringement or the de minimis infringement doesn't exist in these contexts. There is no response to that in the opposing briefs. They have not argued that de minimis infringement is not infringement. That may be a damages question, but it is not a question about infringement, and there's no argument from the other side on that point. The last thing I'd just say, Judge Rader, I'm trying to answer your question from before about the patent, and what I have identified would be at, and I'm not sure this is exactly what you're getting at, but I think it might be, on page, on column 1, it's the line 19 of the patent. It describes the prior art, and the whole point of an interface in this context is noted to provide digital values which may be processed by the host's computer. So the entire point of an interface in this context, in this part, the joysticks, is to make sure that a processor can get digital information in in however many bits that processor processes it in. So the whole point of all of these systems, theirs, the invention, any other one, is to take these pulses and turn them into digital information for the processor to read. That's all I have. If there are any further questions. Thank you, Mr. Franklin. Mr. Redding. The case is taken under submission. That concludes the argued calendar for this morning. All rise. The Honorable Court is adjourned from day to day.